UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No: _____

DYSHONA MCDONALD,

    Plaintiff,

v.

WATERFORD HOTEL GROUP, INC.

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, DYSHONA MCDONALD, by and through her undersigned counsel, sues the Defendant, WATERFORD HOTEL GROUP, INC., and alleges as follows:

### JURISDICTION AND VENUE

1. This is an action for damages and to remedy violations of the rights of MS. MCDONALD under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and the Florida Civil Rights Act of 1992, as amended ("Chapter 760"), and to redress injuries done to her by the Defendant, WATERFORD HOTEL GROUP, INC. ("Defendant").

2. The unlawful acts which gave rise to this Complaint occurred within Martin County, Florida during the Plaintiff's employment with Defendant, making venue proper in this District pursuant to 28 U.S.C. § 1391.

### PARTIES

3. At all times material hereto, Plaintiff has been a citizen and resident of Martin County, Florida and is otherwise *sui juris*.

1

4. At the relevant time, Plaintiff was a black woman and, as such, Plaintiff is a member of a protected class under Title VII and Chapter 760 because the terms, conditions, and privileges of her employment were altered because of her gender and race.

5. Defendant is not a government agency. At all times material hereto, Defendant was Plaintiff's employer as defined by law.

6. Defendant has, at all times material hereto, employed 15 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year.

7. Plaintiff has exhausted her administrative remedies by filing a timely charge of discrimination against the Defendant with the Equal Employment Opportunity Commission, which was dually filed with the Florida Commission on Human Relations.

8. Plaintiff's charge was filed within 300 days after the first instance of discrimination occurred.

9. Plaintiff was issued a Notice of Right to Sue on August 17, 2020. This suit is filed in accordance with that Notice and within the applicable ninety (90) day limitation (a copy of the Notice is attached hereto as Exhibit "A").

10. The Florida Commission on Human Relations did not issue a finding on Plaintiff's charge within 180 days of the filing of said charge.

**GENERAL ALLEGATIONS COMMON TO ALL COUNTS**

11. Defendant hired Plaintiff as a "houseperson" in the housekeeping department in August 2018. The Defendant held that position until her unlawful termination on June 19, 2019.

12. As a houseperson, Plaintiff's primary duties and responsibilities included cleaning, taking out the trash, picking up trash outside, cleaning offices and bathrooms, driving the shuttle van, and picking up boxes.

13. Plaintiff was qualified for her position based on her experience and training.

14. The Defendant was aware that the Plaintiff was a black woman and this caused the Defendant to discriminate against her and harass her.

15. In September 2018, the Plaintiff was performing her job duties when Dave, a white man from maintenance, approached her and discussed that his family members did not like black people and proceeding to question her about the OJ Simpson murder trial. The Plaintiff fwas offended and reported the incident to Pete, the white General Manager. Pete told Dave not to speak to the Plaintiff like that again, but this was ineffective

16. Dave continued to antagonize the Plaintiff in other ways, such as wiping his hands all over tables/counters that she had just cleaned.

17. In October 2018, the Plaintiff made an anonymous report via the Defendant's hotline regarding sexual harassment that was happening to someone else as well as racial discrimination directed at her.

18. On November 29, 2018, the Plaintiff was in the laundry room when Ed, the white maintenance supervisor, walked in and told her to get out. He threw the door open and shouted that he was not going anywhere or closing the door until the Plaintiff got out. The Plaintiff left the laundry room. Ed then went to the guest restroom and kicked a door stopper, which hit the laundry door several feet away. The Plaintiff called Pete on his personal cell phone and reported the incident.

19. On November 30, 2018, Pete held a meeting with Ed and the Plaintiff. Ed admitted to kicking the door stopper. Pete said that while he will not tolerate Ed's aggressive manner, he also did not believe the Plaintiff because he was not present to witness the incident. Pete did not issue any disciplinary reports that day.

20. In early December 2018, Ed issued the new work schedule, changing the Plaintiff's schedule by having her work during her normal days off in retaliation for her making a complaint about him. Before the retaliatory schedule change, the Plaintiff worked Monday through Friday and was off on Saturday and Sunday, and her schedule was consistent. After the schedule change, the Plaintiff's schedule was erratic and irregular. As time passed, Ed cut the Plaintiff's hours and scheduled her for fewer days per week. When the Plaintiff spoke to Pete about this change and reduction, he claimed it was due to budgeting issues.

21. On February 10, 2019, Defendant rehired Valarie, a white woman, as a houseperson. The Plaintiff overheard Valarie and Dave discussing scheduling. Valarie said the Plaintiff's name, then said, "I got that bitch now." The Plaintiff reported what she overheard to Pete but nothing was done.

22. Around the end of May 2019, the Plaintiff witnessed Valarie talking on the phone. Valarie watched the Plaintiff walk by and then loudly said, "dumb fucking nigga." Plaintiff reported the incident to the Defendant and nothing was done.

23. On June 7, 2019, while the Plaintiff was in the ladies' restroom, Ed opened the ladies restroom without knocking and stared at the Plaintiff with a grin on his face. The Plaintiff immediately called out his discriminatory behavior, but Ed just kept leering. Plaintiff reported the incident to Kim, the operations manager, because Pete was not there. The Plaintiff also wrote an incident report. After reporting the incident to Kim, the Plaintiff overheard Kim telling Ed to "hurry up and write a work order for the ladies' restroom." No disciplinary report was written and no warning was given.

24. On June 7, 2019, the Plaintiff called and left a voicemail for Judy from Human Resources.

25. On June 8, 2019, Katie, a white woman, called the Plaintiff and advised that she was calling on Judy's behalf. The Plaintiff told Katie what happened with Ed in the restroom as well as the prior incidents of race and gender discrimination and retaliation and that she had previously reported the incidents to Pete to no avail.

26. On June 11, 2019, Kim held a meeting with Manessa, Pete, and Plaintiff to inform Plaintiff that she was being written up for her tardiness. In this same meeting, Pete informed Plaintiff that he spoke with Katie about the incidents reported by Plaintiff and Defendant would not be taking any action thereon. The Plaintiff reminded Pete that she had previously reported on more than one occasion that the reason for the overwhelming majority of her tardiness as reflected on the time clock was that she had to wait for Ed to go inside because he waited for her in the parking lot and this made her feel uncomfortable. When the Plaintiff was late because she was not feeling well and/or had car problems, she called and notified the Defendant as instructed by Pete. Angelica, a Hispanic woman in housekeeping, was regularly 30 minutes late to work and was not written up.

27. On June 19, 2019, Pete terminated the Plaintiff's employment based on tardiness, despite the fact that she explained her tardiness and nothing was done to protect her from the harassment.

28. Plaintiff has engaged the undersigned attorney to prosecute her claims and is entitled to recover her attorney's fees from Defendant pursuant to statute.

**COUNT I: VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**
**(Discrimination on the Basis of Gender)**

29. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 28, inclusive, as though same were fully re-written here.

30. Plaintiff brings this action under Title VII for damages caused by Defendant's unlawful employment practices committed against Plaintiff because Plaintiff was discriminated on the basis of her gender, female.

31. At all times relevant, Dave, Pete, Ed, Valerie, Manessa, Kim, and Katie, were acting within the course and scope of their employment for Defendant.

32. Because Plaintiff is a woman, she was discriminated against by employees and management and the Defendant refused to take any action to prevent the discrimination.

33. Upon information and belief, similarly situated male employees are not treated in the same manner as Defendant treated Plaintiff.

34. Upon information and belief, the Defendant takes seriously the complaints of similarly situated male employees.

35. Defendant engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 USC §2000e2(a)(1) which resulted in Plaintiff, DYSHONA MCDONALD, being discriminated against.

36. Plaintiff is entitled to such affirmative relief as may be appropriate, including but not limited to, lost wages, benefits, and compensation for emotional distress pursuant to the provisions of Title VII of the Civil Rights Act of 1964, §706(g).

37. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under Title VII. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in an amount to be determined at trial.

WHEREFORE, Plaintiff hereby requests that this Court grant Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including back pay, front pay, punitive damages, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with Title VII of the Civil Rights Act of 1964, §706(g); attorney's fees, costs, together with interest thereon, and such other relief as the Court deems just and appropriate.

### COUNT II: VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992
**(Discrimination on the Basis of Gender)**

38. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 28, inclusive, as though same were fully re-written here.

39. The FCRA forbids discrimination on the basis of race, color, religion, sex, pregnancy, national origin, age, handicap, or marital status and thereby to protect their interest in personal dignity, to make available to the state their full productive capacities, to secure the state against domestic strife and unrest, to preserve the public safety, health, and general welfare, and to promote the interests, rights, and privileges of individuals within the state.

40. The Florida Civil Rights Act of 1992 shall be construed according to the fair import of its terms and shall be liberally construed to further the general purposes stated in this section and the special purposes of the particular provision involved.

41. Plaintiff is a woman, and therefore a member of a protected class.

42. At all times relevant, Dave, Pete, Ed, Valerie, Manessa, Kim, and Katie, were acting within the course and scope of their employment for Defendant.

43. Because Plaintiff is a woman, she was discriminated against by employees and management and the Defendant refused to take any action to prevent the discrimination.

44. Upon information and belief, similarly situated male employees are not treated in the same manner as Defendant treated Plaintiff.

45. Upon information and belief, the Defendant takes seriously the complaints of similarly situated male employees.

46. At all relevant and material times, Defendant failed to comply with the FCRA.

47. At all times relevant, including at the time of the unlawful and discriminatory treatment, Defendant was aware that Plaintiff was a woman.

48. At the time of the unlawful discrimination, Plaintiff did perform and excel at the performance of the essential functions assigned to her by the Defendant.

49. The failure of Defendant to adhere to the mandates of the FCRA was willful and its violations of the provisions of the FCRA were willful.

50. Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's protected rights, discriminated against Plaintiff on account of her being a woman in violation of the FCRA with respect to its decision to treat Plaintiff differently from other employees.

51. Defendant's treatment of Plaintiff was directly and proximately caused by Defendant's unjustified discrimination against Plaintiff because she is a woman, in violation of the FCRA.

52. Any allegedly nondiscriminatory reason for the treatment of Plaintiff asserted by Defendant is a mere pretext for the actual reasons for the treatment; namely, Plaintiff being a woman. Defendant's actions were malicious and were recklessly indifferent to Plaintiff's rights protecting persons from discrimination due to her sex. The discrimination on the basis of sex constitutes unlawful discrimination.

53. As a direct and proximate result of Defendant's intentional conduct, Plaintiff has suffered serious economic losses, as well as mental pain and suffering.

WHEREFORE, Plaintiff hereby requests this Court enter judgment against the Defendant for all wages and benefits the Plaintiff would have received but for the discrimination, including actual damages suffered, compensatory damages under the FCRA for embarrassment, anxiety, humiliation, and emotional distress, punitive damages, prejudgment and post-judgment interest, attorney's fees, costs, and such other and further relief as this Court deems just and appropriate.

### COUNT III: VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
**(Discrimination on the Basis of Race)**

54. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 28, inclusive, as though same were fully re-written here

55. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, §§703(a), 706(a), and 706(g) for damages caused by Defendant's unlawful employment practices committed against Plaintiff because Plaintiff was discriminated against on the basis of her race, black.

56. At all times relevant, Dave, Pete, Ed, Valerie, Manessa, Kim, and Katie, were acting within the course and scope of their employment for Defendant.

57. Because Plaintiff is black, she was discriminated against by employees and management and the Defendant refused to take any action to prevent the discrimination.

58. Upon information and belief, non-black employees are not treated in the same manner as Defendant treated Plaintiff.

59. Upon information and belief, the Defendant takes seriously the complaints of non-black employees.

60. Defendant engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 USC §2000e2(a)(1) which resulted in Plaintiff, DYSHONA MCDONALD, being discriminated against.

61. Plaintiff is entitled to such affirmative relief as may be appropriate, including but not limited to, lost wages, benefits, and compensation for emotional distress pursuant to the provisions of Title VII of the Civil Rights Act of 1964, §706(g).

62. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under Title VII of the Civil Rights Act of 1964. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in an amount to be determined at trial.

WHEREFORE, Plaintiff hereby requests that this Honorable Court grant Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including back pay, front pay, liquidated damages, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with The Civil Rights Act of 1964, §706(g); attorney's costs, fees, and such other relief as the Court deems just and appropriate.

### COUNT IV: VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992
**(Discrimination on the Basis of Race)**

63. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 28, inclusive, as though same were fully re-written here.

64. The FCRA forbids discrimination on the basis of race, color, religion, sex, pregnancy, national origin, age, handicap, or marital status and thereby to protect their interest in

personal dignity, to make available to the state their full productive capacities, to secure the state against domestic strife and unrest, to preserve the public safety, health, and general welfare, and to promote the interests, rights, and privileges of individuals within the state.

65. Plaintiff is black and therefore a member of a protected class.

66. At all times relevant, Dave, Pete, Ed, Valerie, Manessa, Kim, and Katie, were acting within the course and scope of their employment for Defendant.

67. Because Plaintiff is black, she was discriminated against by employees and management and the Defendant refused to take any action to prevent the discrimination.

68. Upon information and belief, non-black employees are not treated in the same manner as Defendant treated Plaintiff.

69. Upon information and belief, the Defendant takes seriously the complaints of non-black employees.

70. At all relevant and material times, Defendant failed to comply with the FCRA.

71. The discrimination of Plaintiff by Defendant was caused by Defendant being aware of Plaintiff's race.

72. At all times relevant, including the time of the unlawful and discriminatory treatment, Defendant was aware that Plaintiff was black.

73. At the time of the unlawful discrimination, Plaintiff did perform and excel at the performance of the essential functions assigned to her by Defendant.

74. The failure of Defendant to adhere to the mandates of the FCRA was willful and its violations of the provisions of the FCRA were willful.

75. Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's protected rights, discriminated against Plaintiff on

account of her race in violation of the FCRA with respect to its decision to treat Plaintiff differently from other employees.

76. Plaintiff's discrimination was directly and proximately caused by Defendant's unjustified discrimination against Plaintiff because she is black in violation of the FCRA.

77. Any allegedly nondiscriminatory reason for the treatment of Plaintiff asserted by Defendant is a mere pretext for the actual reasons for the treatment; namely, Plaintiff's race.

78. Defendant's actions were malicious and were recklessly indifferent to Plaintiff's rights protecting persons from discrimination due to her race. The discrimination on the basis of race constitutes unlawful discrimination.

79. As a direct and proximate result of Defendant's intentional conduct, Plaintiff has suffered serious economic losses, punitive damages, as well as mental pain and suffering.

WHEREFORE, Plaintiff hereby requests this Court enter judgment against Defendant for all wages and benefits the Plaintiff would have received but for the discrimination, including actual damages suffered, compensatory damages under the FCRA for embarrassment, anxiety, humiliation, and emotional distress, punitive damages, prejudgment and post-judgment interest on her damages award, attorney's fees, costs, and such other and further relief as this Court deems just and appropriate.

## COUNT V: VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
### (Retaliation)

80. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 28, inclusive, as though same were fully re-written here.

81. Plaintiff had the right to voice her grievances that she was being discriminated against.

82. When the Plaintiff engaged in the protected activity of reporting the discrimination, the Defendant retaliated against her by continuing and intensifying the discrimination and then finally terminating the Plaintiff.

83. As a result of Defendant's action, Plaintiff has suffered damages.

84. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of Title VII of the Civil Rights Act of 1964.

WHEREFORE, Plaintiff hereby requests that this Court: (a) declare that Defendant's termination of Plaintiff was in violation of Title VII of the Civil Rights Act of 1964; (b) grant Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including lost wages, future wages, injury to her professional reputation, and emotional pain and suffering caused by Defendant's termination of Plaintiff in an amount to be determined at trial and in accordance with Title VII of the Civil Rights Act of 1964; (c) award Plaintiff prejudgment and post-judgment interest; (d) award Plaintiff compensatory damages as permitted by law; (e) award Plaintiff the costs of this action, together with her reasonable attorneys' fees incurred herein; and (f) grant Plaintiff such other and further relief as the Court deems appropriate.

## **COUNT VI: VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992**
**(Retaliation)**

85. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 28 inclusive, as though same were fully re-written here.

86. Plaintiff had the right to voice her grievances that she was being discriminated against.

87. When the Plaintiff engaged in the protected activity of reporting the discrimination, the Defendant retaliated against her by continuing and intensifying the discrimination and then finally terminating the Plaintiff.

88. As a result of Defendant's actions, Plaintiff has suffered damages

89. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of the FCRA, Chapter 760.

WHEREFORE, Plaintiff hereby requests that this Court: (a) declare that Defendant's termination of Plaintiff was in violation of the FCRA; (b) grant Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's termination of Plaintiff in an amount to be determined at trial and in accordance with the FCRA; (c) award Plaintiff prejudgment and post-judgment interest; (d) award Plaintiff compensatory damages as permitted by law; (e) award Plaintiff the costs of this action, together with her reasonable attorneys' fees incurred herein; and (f) grant Plaintiff such other and further relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted this 13th day of November, 2020

By: /s/ *Michelle Cohen Levy*
Michelle Cohen Levy, FBN 0068514
The Law Office of Michelle Cohen Levy, P.A.
4400 N. Federal Highway
Lighthouse Point, Florida 33064
P: (954) 651-9196

Michelle@CohenLevyLegal.com
Counsel for Plaintiff

15